UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN DOUGLAS LAWRENCE,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>ELKO COUNTY, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-00284-MMD-WGC<br><br>ORDER |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by former state prisoner Nathan Douglas Lawrence. (ECF No. 1-1.) On March 10, 2020, this Court issued an order directing Plaintiff to file his updated address and a non-prisoner application to proceed *in forma pauperis* with this Court within 30 days. (ECF No. 14.) Plaintiff filed an updated address with the Court, but he did not file a non-prisoner application to proceed *in forma pauperis*. (ECF No 16.) Because it was not clear whether Plaintiff received the Court's order, the Court issued another order stating that Plaintiff must file a non-prisoner application to proceed *in forma pauperis* within 30 days. (ECF No. 17.) The thirty-day period has now expired, and Plaintiff has not filed a non-prisoner application to proceed *in forma pauperis*, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for

failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik,* 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's initial order requiring Plaintiff to file his updated address and file a non-prisoner application to proceed *in forma pauperis* with the Court within 30 days expressly stated, "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, the Court will dismiss this case without prejudice." (ECF No. 14 at 2.) In the Court's follow up order, the Court further stated, "IT IS FURTHER ORDERED that if

Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 17 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders to file a non-prisoner application to proceed *in forma pauperis* within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a non-prisoner application to proceed *in forma pauperis* in compliance with this Court's orders.

It is further ordered that the Clerk of Court will enter judgment accordingly.

DATED THIS 9th day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE